**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

WILLIAM J. RANDOLPH,

    Plaintiff,

v.   Case No: 8:14-cv-2465-T-36TBM

PATRICIA DANIELS,

    Defendant.

## **ORDER**

This matter comes before the Court on Plaintiff's Response (Doc. 5) to this Court's Order to Show Cause (Doc. 3). For the reasons discussed below this matter will be dismissed for lack of subject matter jurisdiction.

On September 29, 2014 *pro se* litigant William J. Randolph filed a "Notice of Intent", which this Court interprets as a complaint intended to initiate a lawsuit against Defendant Patricia Daniels. *See* Doc. 1. Randolph seeks damages in the amount of $15,000 related to the sale of his deceased parents' property in Georgia and $15,000 for pain and suffering. However, Randolph did not provide any basis for this Court's jurisdiction over the matter.

Federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004); *Univ. of South Ala. v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). Federal jurisdiction exists when the parties are citizens of different states and the amount in controversy is above $75,000. See 28

U.S.C. § 1332. Here the amount in controversy is only $30,000 and the citizenship of the parties is unknown. Alternatively, jurisdiction could be based on a federal question – but no federal law appears to be at issue. *See* 28 U.S.C. § 1331. Accordingly, William Randolph was ordered to show cause in writing, on or before October 24, 2014, why this case should not be dismissed for lack of subject matter jurisdiction.

In his response to the show cause order Randolph claims that this court has jurisdiction under 28 U.S.C. § 1332 "where the amount is only or about $30,000 plus interest and $15,000 for punitive damages." Doc. 5 at p. 1. This is simply incorrect. The amount in controversy must exceed $75,000 for jurisdiction to exist under 28 U.S.C. § 1332, and the parties must be citizens of different states. Plaintiff has also failed to establish the citizenship of either party. Accordingly, it is

**ORDERED** and **ADJUDGED:**

1. This case is hereby **DISMISSED** for lack of subject matter jurisdiction.
2. The Clerk is directed to close the file.

**DONE** and **ORDERED** in Tampa, Florida on October 20, 2014.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties